UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PATRICK WRIGHT,  :
    Plaintiff  :
  :
v.  :    Case No. 3:07 CV 306 (CFD)
  :
CITY OF WATERBURY, et al  :
    Defendants.  :

**RULING ON DEFENDANTS' MOTIONS TO DISMISS**

Plaintiff Patrick Wright brought this action pro se in the Superior Court of the State of Connecticut alleging a variety of constitutional violations associated with his arrest by Waterbury police officers. The defendants, the City of Waterbury, its mayor Michael Jarjura, the Waterbury Police Department,[1] its Chief of Police Neil O'Leary, and police officers "Martinez," "DisFano," and "Cosmos/ McKnight," removed the action to this Court after Wright amended his complaint to clarify that he was claiming violations of the United States Constitution. The defendants move to dismiss under Fed. R. Civ. P. 12(b)(6).

I.    Background

Wright alleges the following in his complaint and amended complaint. Early in the morning of January 22, 2006, Wright was attending a birthday party at 6 Sunfield Circle in Waterbury, Connecticut. This address was the residence of Wright's friend, "Mr. Williams."

---

[1] "A municipal police department, however, is not a municipality nor a "person" within the meaning of section 1983." Nicholson v. Lenczewski, 356 F. Supp.2d 157, 164 (D. Conn. 2005). Thus, the Waterbury Police Department and the City of Waterbury will be treated as a single defendant.

Wright may also have been a resident at this address. At approximately 2 a.m., two Waterbury police officers arrived to investigate a noise complaint. The officers ordered the party to end. The guests and hosts complied. As Wright was cleaning up, Wright alleges he was violently attacked by the police officers. Wright was subsequently arrested and alleges that the arrest was retaliation for exercising his right to free speech. According to Wright, he was then subjected to a search of the "private area" of his body by a female police officer.

Wright alleges that the officers took him to the Waterbury police station where, still handcuffed, they slammed his head into a wall causing him serious and lasting injuries including a "nasty cut" over his right eye and extensive blood loss. After 45 minutes, Wright was taken to a hospital for treatment. Wright was charged with the state offenses of breach of peace and interfering with an officer.

Wright alleges that these events violated his first amendment right to freedom of speech, his fourth amendment right to be free from unreasonable search and seizure, his fifth amendment rights to due process, his eighth amendment right to be free from excessive bail and cruel and unusual punishment, and his ninth amendment rights.

Wright alleges that Mayor Jarjura is responsible for these deprivations because they occurred under his leadership, and that his leadership "led to a chance" for Wright's injuries to occur.

II.  Motion to Dismiss Standard

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d

90 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984); Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 87 (2d Cir. 2002). Dismissal is warranted only if, under any set of facts the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. See Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); Frasier v. General Elec. Co., 930 F.2d 1004, 1007 (2d Cir. 1991). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." United States v. Yale New Haven Hosp., 727 F. Supp. 784, 786 (D. Conn.1990) (citing Scheuer, 416 U.S. at 232, 94 S.Ct. 1683). Thus, a motion to dismiss under 12(b)(6) should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994) (citations and internal quotations omitted). In its review of a 12(b)(6) motion to dismiss, the Court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transport Local 504, 992 F.2d 12, 15 (2d Cir. 1993). Further, where a "complaint was filed pro se, we construe it broadly and interpret it to raise the strongest arguments it suggests." Sharpe v. Conole, 386 F.3d 482, 484 (2d Cir. 2004).

III. The Defendants' Motion

The defendants argue that Wright's complaint should be dismissed in its entirety because it does not identify the specific wrongful conduct of each defendant. Further, the defendants argue that claims alleging false arrest, false imprisonment, and malicious prosecution should be dismissed because Wright was convicted of the charges stemming from his arrest, and his

conviction was never invalidated. Finally, defendants Jarjura and O'Leary argue that the claims against them should be dismissed because Wright failed to allege personal involvement by these defendants, and Waterbury argues that the claims against it should dismissed because Wright failed to allege a basis for municipal liability. At this stage, the defendants do not argue that the complaint should be dismissed based on qualified immunity.

    A.    <u>Failure to Allege Favorable Termination</u>

In order to maintain a false arrest or false imprisonment action, Wright must establish that his arrest was not supported by probable cause. <u>Russo v. City of Bridgeport</u>, 479 F.3d 196, 203 (2d Cir. 2007). "A person who thinks there is not even probable cause to believe he committed the crime with which he is charged must pursue the criminal case to an acquittal or an unqualified dismissal, or else waive his section 1983 claim." <u>Roesch v. Otarola</u>, 980 F.2d 850, 853 (2d Cir. 1992). Similarly, an action for an allegedly unconstitutional conviction cannot be based on a conviction which has not been invalidated. <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-487, 114 S.Ct. 2364, 2372 (1994) ("when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.")

Wright alleges that his arrest was unjustified, but does not make any allegations concerning the ultimate disposition of the charges against him. However, Wright admits that he was convicted and that his appeal was pending as of March 2007. Wright's false arrest, false imprisonment, and malicious prosecution claims challenge the validity of his state conviction. Accordingly, they must be dismissed unless Wright amends his complaint by setting forth an

adequate basis that the charges against him terminated favorably.

        B.      <u>Failure to Identify Wrongful Conduct of Each Defendant</u>

" '[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" <u>Farrell v. Burke</u>, 449 F.3d 470, 484 (2d Cir. 2006). "Personal involvement" means not only direct participation in the alleged violation, but also a supervisory official's failure to remedy a wrong, a supervisory official's creation of a policy or custom under which unconstitutional acts occurred, or a supervisory official's gross negligence in managing his subordinates. <u>Williams v. Smith</u>, 781 F.2d 319, 323-24 (2d Cir.1986) (quoting <u>McKinnon v. Patterson</u>, 568 F.2d 930, 934 (2d Cir. 1977)).

Similarly, a municipality may not be held liable solely because it employs a wrongdoer, but may be liable where "the action that is alleged to be unconstitutional implements or executes" a municipal policy or custom. <u>Monell v. Department of Social Services of City of New York</u>, 436 U.S. 658, 690-691, 98 S.Ct. 2018, 2035 - 2036 (1978).

The only defendant Wright named in the body of his complaint is Mayor Jarjura, and Wright alleged, at most, that Jarjura had supervisory liability. Accordingly, Wright must amend his complaint by April 30, 2008 to allege (1) the identities of each defendant, and (2) the personal involvement by each individual defendant, or this action will be dismissed.

IV.      <u>Conclusion</u>

The defendants' motion to dismiss [Dkt. #14] is DENIED without prejudice. However, this action will be dismissed unless Wright moves to amend his complaint as set forth above by April 30, 2008.

Further, the defendants' motion to dismiss for failure to comply with court orders [Dkt. #

22] is DENIED and Wright's motion to proceed in forma pauperis [Dkt. #28] is GRANTED. Wright's objection to the defendants' second motion to dismiss [Dkt. # 23] is treated as a motion to set aside the order granting security for costs [Dkt. #12]. The requirement to file a bond is waived in light of the plaintiff's assertion that he is indigent and was granted permission to sue in forma pauperis by the state court prior to removal.

Wright's motion to appoint counsel [Dkt. # 26] is DENIED without prejudice as Wright has not yet demonstrated the likely merit of this case. Wright's motion for trial [Dkt. # 20] is DENIED.


So ordered this ___12th_ day of March 2008 at Hartford, Connecticut.


    /s/ Christopher F. Droney

**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**